IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GILBERTO BENZ-PUENTE, JR., | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 23-2682 |
| | : | |
| v. | : | |
| | : | |
| TRUIST FINANCIAL, | : | |
| | : | |
| Defendant. | : | |

## **<u>MEMORANDUM OPINION</u>**

Smith, J.                                                                                                    July 26, 2023

Gilberto Benz-Puente, Jr. has filed a *pro se* complaint (Doc. No. 2) asserting claims

against the defendant, Truist Financial ("Truist"). Benz-Puente also seeks leave to proceed *in*

*forma pauperis*.[1] For the following reasons, the court will grant Benz-Puente *in forma pauperis*

status and dismiss the complaint.

---

[1] Benz-Puente filed a cotion for leave to proceed *in forma pauperis* (*see* Doc. No. 1) along with his complaint. In an order filed on July 17, 2023 (Doc. No. 4), the court denied the motion without prejudice because Benz-Puente failed to provide sufficient financial information to allow the court to determine whether he had the means to pay the fees to commence this case. The motion contained only irrelevant legalisms and "sovereign citizen" type jargon about lack of circulation of legal currency, the granting of licenses, and "special deposits." (*Id*. at 1-2.) After the court filed the order, Benz-Puente filed two "Affidavits" (Doc. Nos. 5, 6.) The first one merely repeats the same type of irrelevant verbiage contained in the motion. The second Affidavit, which the court will construe to be a refiled motion for leave to proceed *In Forma Pauperis* because it asks for "Postponement of Court Fees," avers that Benz-Puente is unable to pay the filing fee and provides limited financial information. So construed, the motion will be granted.

Benz-Puente submitted copies of bank statements with his second Affidavit. Because they contain personal identifying information, the Clerk will be directed to mark the submission as participant-view only. Benz-Puente is directed to refrain from including personal identifying information in future submissions to the court that will be entered on the public docket.

## I.      FACTUAL ALLEGATIONS[2]

Benz-Puente's allegations are not easily understood because his complaint consists almost entirely of sentence fragments. He appears to claim that on May 10, 2023, he "tendered 2 separate negotiable instruments as surety," presumably to the defendant Truist.[3] (Compl. at 3.) He attempted to use his "equity owned for set off of amounts due," but his accounts were closed without his authorization and the negotiable instruments were dishonored. (*Id*.) Truist "acknowledged receipt and assured performance in which no performance or rebuttal was made." (*Id*.) Truist also did not return the negotiable instruments or process them. (*Id*.) As a result, Benz-Puente apparently was not able to use his credit card, "use [his] equity owed," could not travel, and could not provide for his family. (*Id*. at 4.) He seeks to reopen his account at Truist, a "set off of amount due," "recoupment of additional deposit/instruments," and recognition of "beneficial ownership/suretyship in future conduct of business." (*Id*.) Benz-Puente invokes the court's federal question jurisdiction asserting his claims arise under Section 29 of the Federal Reserve Act. (*Id*. at 2.) He also alleges the court has jurisdiction over breach of contract and breach of trust claims. (*Id*.)

## II.      STANDARD OF REVIEW

The court grants Benz-Puente leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v.*

---

[2] The factual allegations set forth in this memorandum opinion are taken from Benz-Puente's complaint (Doc. No. 2.) The court adopts the sequential pagination assigned to the complaint by the CM/ECF docketing system.

[3] Benz-Puente does not allege whether Truist is a bank or some other type of financial institution and, if it is a bank, whether it is a state-chartered bank or a national bank.

*McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Benz-Puente is proceeding *pro se*, the court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Also, when allowing a plaintiff to proceed *in forma pauperis*, the court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.    DISCUSSION

### A.     <u>Federal Question Claims</u>

Although vague, the court understands Benz-Puente to be asserting claims against Truist based on the defendant refusing to deposit or cash two checks, and because Truist closed his bank account. Benz-Puente invokes federal question jurisdiction for his claim against Truist by referencing Section 29 of the Federal Reserve Act, codified at 12 U.S.C. § 504.

That section of the Federal Reserve Act provides for civil money penalties against "any member bank" and "any institution-affiliated party" that violates certain other provisions of Title 12 of the United States Code or related regulations.[4] 12 U.S.C. § 504. Benz-Puente, however, does not identify what, if any, provision of Title 12 that Truist allegedly violated. More importantly, that section does not create a private right of action. *Bockari v. J.P. Morgan Chase Bank*, No. 13-2603, 2016 WL 5234719, at *3 (E.D. Cal. Sept. 22, 2016), *report and recommendation adopted*, 2016 WL 10636364 (E.D. Cal. Dec. 27, 2016), *aff'd sub nom. Bockari v. JPMorgan Chase & Co.*, 695 F. App'x 309 (9th Cir. 2017); *Lillacalenia v. Kit Fed. Credit Union*, No. 14-151, 2014 WL 3940289, at *2 (W.D. Ky. Aug. 12, 2014) ("Moreover, [plaintiff] fails to show that he, as an individual, may maintain an action under either of these civil penalty provisions as any penalty imposed under §§ 504 and 505 shall be assessed and collected by either the Comptroller of the Currency or the Board, . . . and all penalties collected 'shall be deposited into the Treasury.'"). This means Benz-Puente, as an individual, cannot maintain a claim under § 504, which provides that any civil penalties imposed under the section shall be assessed and collected by either the

---

[4] Section 504(a) provides that "[a]ny member bank which, and any institution-affiliated party (within the meaning of section 1813(u) of this title) with respect to such member bank who, violates any provision of section 371c, 371c-1, 375, 375a, 375b, 376, or 503 of this title, or any regulation issued pursuant thereto, shall forfeit and pay a civil penalty of not more than $5,000 for each day during which such violation continues." 12 U.S.C. § 504(a). Subsequent sections provide for enhanced penalties if the violation is of a more serious nature.  12 U.S.C. §§ 504(b)-(e).

Comptroller of the Currency or the board of a State member bank, and deposited into the United States Treasury. 12 U.S.C. § 504(e) and (g). Because there is no private right of action under § 504, Benz-Puente fails to state a plausible federal claim upon which relief may be granted.

## B.    State Law Claims

Benz-Puente also appears to assert state law claims against Truist for breach of contract and breach of trust. Because Benz-Puente has not stated any basis in the complaint upon which the court may exercise federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, the only basis for the court to exercise subject matter jurisdiction over his claims is 28 U.S.C. § 1332(a).[5] Section 1332(a) grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). As stated, the plaintiff has the burden of pleading the existence of the court's jurisdiction, *see* Fed. R. Civ. P. 8, and "'in a diversity action, the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed.'" *Craven v. Leach*, 647 F. App'x 72, 75 (3d Cir. 2016) (quoting *Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co.,* 177 F.3d 210, 222 n. 13 (3d Cir.1999)).

---

[5] Having dismissed the federal question claim, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.

An individual is a citizen of the state where he or she is domiciled, meaning the state where the person is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). To determine the citizenship of a corporation for purposes of diversity under § 1332, courts use the test announced by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Under *Hertz*, a corporation is a citizen of its state of incorporation and its principal place of business, i.e., its "nerve center." *Id.* at 80–81. A nerve center is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities," which is typically "found at a corporation's headquarters." *Id.* A state-chartered bank, like any other corporation under 28 U.S.C. § 1332(c), follows the normal citizenship rule, *see Weber v. PNC Invs. LLC*, No. 19-704, 2020 WL 563330, at *6 (W.D. Pa. Feb. 5, 2020), *aff'd sub nom. Weber v. PNC Invs.*, 844 F. App'x 579 (3d Cir. 2021), but the same is not true for national banks. A national bank has no state of incorporation. *See Berkowitz v. Midlantic Corp.*, No. 90-1811, 1997 WL 452206, *4 (D.N.J. July 18, 1997). Rather, a national bank is incorporated by the federal government. *See* 12 U.S.C. § 24. Congress has passed a statute specifically addressing the citizenship of national banks. *See* 28 U.S.C. § 1348. That statute instructs that "all national banking associations shall . . . be deemed citizens of the States in which they are respectively located." *Id.* The United States Supreme Court held "that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006).

Diversity jurisdiction is also dependent on whether the amount in controversy in the case exceeds $75,000. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Gp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997).

6

Benz-Puente has failed to meet his burden of establishing that the parties are of diverse citizenship. He provides only a street address for himself in Reading, Pennsylvania and a street address for Truist in Charlotte, North Carolina. (Compl. at 1, 2.) Benz-Puente did not complete the portion of the form complaint he used that asked him to list his own state citizenship as well as the state citizenship of Truist. However, even if he had properly alleged that he is a Pennsylvania citizen and Truist is a corporate citizen of some other state, Benz-Puente also failed to satisfy the amount in controversy requirement for the Court to exercise diversity jurisdiction. He did not state a dollar amount he is seeking on his claims. Because the court lacks subject matter jurisdiction, the state law claims will be dismissed without prejudice.

An order will be entered separately dismissing the federal law claim with prejudice and the state law claims without prejudice.[6]

BY THE COURT:


/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[6] Benz-Puente will be granted leave to file an amended complaint if he capable of alleging that the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Otherwise, he may reassert his claims in an appropriate state court.